UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PPE SUPPLIES, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 21-CV-0144-CVE-SH |
| ) | |
| KHAN ENTERPRISES GENERAL ) | |
| TRADING COMPANY, ) | |
| NOAMAN KHAN, an individual, ) | |
| INNER RENEWABLE ENERGY ) | |
| (CAMBODIA) Co., Ltd., ) | |
| MEAS SETHVIPHOU a/k/a SAKHAI ) | |
| CHAKRATOK, an individual, and ) | |
| EJET SOURCING LIMITED, ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

Before the Court are plaintiff's response to the Court's order to show cause as to why this case should not be dismissed as to the remaining defendants (Dkt. # 34), and motion for an order for service by other means (Dkt. # 33). On September 23, 2021 and December 9, 2021, respectively, the Court terminated Troy Nishikawa and KaiKane USA, Inc. as defendants in this case for lack of personal jurisdiction. See Dkt. ## 26, 32. Further, in its December 9, 2021 opinion and order (Dkt. # 32), the Court directed plaintiff to show cause, within 14 days, as to why the remaining defendants have not been served, and why the Court should not dismiss this case as to the remaining defendants. Dkt. # 32, at 13.

Plaintiff, PPE Supplies, LLC (PPE Supplies), responds that it has "shown good cause for the lack of service to date and has shown good cause regarding why this case should not be dismissed." Dkt. # 34, at 3. With respect to its failure to serve the remaining defendants, PPE Supplies responds

that Fed. R. Civ. P. 4(m), which imposes a 90-day time limit for serving defendants, does not apply to individuals or corporations located in foreign countries. Id. Plaintiff further responds that, notwithstanding, "PPE Supplies diligently sent Rule 4 waiver forms to each of those defendants . . . in May 2021." Id. at 5. However, the foreign defendants have not returned their waiver of service forms within a reasonable time, and PPE Supplies "is now in the process of formally retaining Mr. Lukken, an international service expert, to serve [Noaman] Khan, Khan Enterprises [General Trading Company], and EJET [Sourcing Limited] via the Hague Convention[,]" and plaintiff has requested permission from the Court to serve International Renewable Energy (Cambodia) Co., Ltd. (IREC) and Meas Sethviphou via WhatsApp and email. Id. at 5-6; Dkt. # 33, at 1.

Additionally, plaintiff responds that "dismissing the case at this stage would simply cause additional delay and prejudice PPE Supplies. PPE Supplies has already incurred the expenses of preparing and filing a [c]omplaint, sending Rule 4 waiver forms to the foreign defendants, responding to [m]otions . . . and preparing to serve the remaining [d]efendants" Id. at 5. Plaintiff further responds that "[d]ismissing this case would result in the re-filing of the same claims against the same remaining [d]efendants and would cause the Court to open a new case, causing additional expense for PPE Supplies and delay for all parties." Id. at 5-6.

I.

As a preliminary matter, the fact that plaintiff has expended time, effort, and money on this case is not a legal basis for staving off dismissal. Moreover, it is surprising that plaintiff does not address in its response whether this Court has personal jurisdiction over the remaining defendants,

2

considering that Nishikawa and KaiKane were terminated as parties for lack of specific or general personal jurisdiction.[1]  See Dkt. ## 26, 32.

## II.

"An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Mullane v. Cent. Hanover Bank & Tr. Co., 339 U.S. 306, 314 (1950).  Fed. R. Civ. P. 4(f) governs service of process as to individuals in foreign countries.  Fed. R. Civ. P. 4(f).  Rule 4(f) states, in pertinent part:

> an individual . . . may be served at a place not within any judicial district of the United States: (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention . . . (2) if there is no internationally agreed means, . . . by a method that is reasonably calculated to give notice . . . [and] (3) by other means not prohibited by international agreement, as the court orders.

Fed. R. Civ. P. 4(f)(1), (2) and (3).  Further, under Fed. R. Civ. P. 4(h), a "foreign corporation . . . must be served . . . at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual[.]" Fed. R. Civ. P. 4(h)(2).  Finally, Fed. R. Civ. P. 4(m) states that

> [i]f a defendant is not served within 90 days after the complaint is filed, the court–on motion or on its own after notice to the plaintiff– must dismiss the action without prejudice against

---

[1] The Court directs plaintiff to review the Supreme Court's relevant personal jurisdiction jurisprudence; specifically, BNSF Ry. Co. v. Tyrrell, 137 S. Ct. 1549 (2017); Walden v. Fiore, 571 U.S. 277 (2014); Daimler AG v. Bauman, 571 U.S. 117 (2014); Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915 (2011); and International Shoe Co. v. Washington, 326 U.S. 310 (1945).  These cases outline the standards for exercising specific and general personal jurisdiction as to individuals and corporations, which plaintiff bears the burden of establishing, OMI Holdings, Inc. v. Royal Ins. Co. of Canada, 149 F.3d 1086, 1091 (10th Cir. 1998).

>[those] defendant[s] or order that service be made within a specified time . . . [however,] [t]his subdivision (m) does not apply to service in a foreign country under Rule 4(f), [or] 4(h)(2)[.]

Fed. R. Civ. P. 4(m).

Accordingly, the Court finds that the 90-day time limit for serving defendants does not apply to the remaining defendants in this case. Further, the Court notes that plaintiff has retained an international service expert to serve defendants EJET, Khan, and Khan Enterprises via the Hague Convention. The Court finds that 1) service of process via the Hague Convention is expressly permitted under Rule 4(f)(1); and 2) these defendants are located in either China or Kuwait--countries that are parties to the (Hague) Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters.[2] Thus, plaintiff has made a sufficient showing as to why this case should not be dismissed as to defendants EJET, Khan, and Khan Enterprises for failure to serve those defendants.

Additionally, plaintiff requests a court order permitting PPE Supplies to serve defendants IREC and Sethviphou via email and Whatsapp because the Kingdom of Cambodia (where both defendants appear to be located) is not a party to the Hague Convention. Dkt. # 33, at 1, 5. Under Rule 4(f), foreign individual and corporate defendants may be served by other means that are reasonably calculated to give notice and that are not prohibited by international agreement. Courts have found that service by email or other electronic means does not violate the Constitution. See, e.g., Rio Prop., Inc. v. Rio Int'l Interlink, 284 F.3d 1007, 1017 (9th Cir. 2002). And, "[e]lectronic

---

[2] China is a Hague Convention member (https://www.hcch.net/en/states/hcch-members/details1/?sid=30), and Kuwait is a contracting party to the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (https://www.hcch.net/en/states/other-connected-parties/details2/?sid=103).

service of process by e-mail and/or Whatsapp does not appear to be prohibited by international agreement." Williams v. Doe, No. 6:21-03074-CV-RK, 2021 WL 4975742, at *2 (W.D. Mo. Oct. 26, 2021).

In its complaint (Dkt. # 2), plaintiff submitted letters it received from Sethviphou on behalf of IREC. See Dkt. ## 2-12, 2-14, 2-15. These letters are on IREC letterhead, which includes the physical address of IREC's head office, and a contact email: info@innerkhmer.com. Id. While the Court notes that messenger services such as Whatsapp provide the option of confirming to the sender that the receiver has seen a message, also known as a "read receipt," this is an optional feature. And, plaintiff has not submitted the exact phone numbers associated with Sethviphou or IREC's Whatsapp accounts, any evidence of plaintiff's communications with those defendants via Whatsapp, or whether read receipts were turned on during those exchanges. Based on plaintiff's submissions, the Court finds that service via mail or email to the addresses provided on IREC's letterhead is reasonably calculated to give notice to defendants Sethviphou and IREC in this circumstance. However, plaintiff has not provided enough evidence for the Court to determine whether service via Whatsapp is reasonably calculated to provide adequate notice to those defendants. Only if plaintiff's attempts to serve those defendants via physical mail and email fail, should plaintiff move the Court for an order permitting it to serve defendants Sethviphou and IREC via Whatsapp. And, the Court directs plaintiff to provide in said motion the exact phone number(s) associated with the defendants' Whatsapp account(s), and evidence that plaintiff communicated with those defendants using Whatsapp.

In sum, the Court finds that plaintiff has made a sufficient showing as to why this case should not be dismissed as to IREC and Sethviphou for failure to serve these defendants, and plaintiff's

motion for service by other means should be granted in part as to service by email, and denied in part without prejudice as to service via Whatsapp.

**IT IS THEREFORE ORDERED** that plaintiff's motion for an order for service by other means (Dkt. # 33) is **granted in part** as to serving defendants IREC and Sethviphou by email, and **denied in part without prejudice** as to serving defendants IREC and Sethviphou via Whatsapp.

**IT IS FURTHER ORDERED** that Plaintiff is permitted to serve defendants Sethviphou and IREC via physical mail using the head office address included in IREC's letterhead.

**DATED** this 14th day of January, 2022.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE